UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| ROBERT P. LUPO, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:21-CV-174 |
| JAMEY TESLER et al., | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) for consideration of Plaintiff's Application To Proceed *In Forma Pauperis* [Doc. 1] and all issues connected thereto. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85(1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To that end, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, the petitioner must initially show by affidavit the inability to pay court fees and costs. 28 U.S.C. § 1915(a). One need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, *supra*. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty afford to pay for the costs of litigation and still pay for the necessities

of life. *Id*. at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application indicates Plaintiff owns a home valued at $185,000.00. Plaintiff also owns a 2001 Ford valued at $6000.00 and a 2006 Jeep valued at $9000.00. Plaintiff avers he has $1200.00 in bank accounts. As for income, Plaintiff currently receives $37,000.00 per year in disability payments through the Veterans Administration. At the same time, Plaintiff avers he has approximately $179,000.00 in liabilities. Plaintiff advises his average monthly income amounts to $3100.00 while his monthly expenses amount to $2422.00. Although Plaintiff may find himself in a financially challenging position, he has money remaining each month after the payment of his expenses and his financial situation does not evidence poverty.

Based on Plaintiff's short-form affidavit, the Court finds that Plaintiff has sufficient funds to afford payment of the costs and if he does not, it is not because he in impoverished. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 1] be **DENIED**.[1]

Respectfully Submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).